UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                  Case No:

                                  HON.

-v-

                                  VIOLATION:

                                  26 U.S.C. § 7206(1)

ASIM GHAFOOR                      (Making a False Tax Return)

        Defendant,

—————————————————————/

# Plea Agreement

    The United States of America and the defendant, ASIM

GHAFOOR, have reached a plea agreement under Federal Rule of

Criminal Procedure 11. The plea agreement's terms are as follows:

## 1. Guilty Plea to Bill of Information

    The defendant will enter a plea of guilty to a one-count Bill of

Information.   Count One of the Information charges the defendant with

willfully filing a materially false federal income tax return, Form 1040

with the Internal Revenue Service ("IRS") for the tax year 2016, in

violation of 26 U.S.C. § 7206(1). The defendant acknowledges that he is

in fact guilty of this offense as charged, agrees to the facts below, and

agrees with the elements of the offense as set forth in this agreement.

## 2. Statutory Minimum and Maximum Penalties

The defendant understands that the count to which he is pleading

guilty carries the following maximum statutory penalties:

| Count 1 | Term of imprisonment: | 3 years |
|---|---|---|
| | Fine: | $250,000 or twice the pecuniary gain or loss |
| | Term of supervised release: | 1 year |

## 3. Agreement Not to Bring Additional Charges

If the Court accepts this agreement and imposes sentence

consistent with its terms, the Department of Justice, Tax Division, and

the United States Attorney's Office for the Eastern District of Michigan

agree not to bring additional charges against the defendant for the conduct described in the Information and this plea agreement.

## 4. Elements

The elements of Count One are:

1. The defendant made and subscribed to a United States income tax return under the penalties of perjury;

2. That United States income tax return was false as to a material matter; and

3. The defendant acted willfully.

## Factual Basis

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

The defendant Asim Ghafoor was a resident of Ashburn, Virginia.   The defendant was an attorney who owned and operated a law practice ("the practice") located in Virginia.   The practice was known as G Law & Co., and previously as the Law Office of Asim Ghafoor. The defendant reported income from the practice to the IRS on Schedules C, Profit or Loss From Business (Sole Proprietorship) which he filed with joint U.S. Individual Income Tax Return Forms 1040 for himself and his wife. The defendant personally prepared and signed the returns. The defendant was late filing his tax returns for 2012, 2013, 2015, and 2016.   He entirely failed to file a tax return for 2014. The defendant's Forms 1040 for 2012, 2013, 2015, and 2016 were false because they failed to report all the income received by the defendant from the

3

operation of the practice. Specifically, the Schedule C for the practice filed with the defendant's 2016 Form 1040 reported business income of approximately $166,650, despite the fact that the practice actually had approximately $185,458 of business income.   The defendant owed additional tax for the years at issue because of the false understatement of his business income on the 2012, 2013, 2015, and 2016 Forms 1040 and his failure to file a Form 1040 for 2014. The tax loss caused by the defendant's tax misconduct was $122,219 for 2012, $13,339 for 2013, $70,167 for 2014, $148,189 for 2015, and $720 for 2016.   The total tax loss for the 2012-2016 years was $354,634.

## 5. Advice of Rights

The defendant has read the Information, has discussed the charges and possible defenses with his attorney, and understands the crime charged.   The defendant understands that he has a right to be tried in the district in which the crime allegedly was committed, which was the Eastern District of Virginia. The defendant agrees to waive venue as to the crime charged in the Information and to plead guilty in the Eastern District of Michigan.

The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.    The right to maintain his plea of not guilty and to persist in that plea;

4

B.      The right to a speedy and public trial by jury;

C.      The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.      The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.      The right to confront and cross-examine adverse witnesses at trial;

F.      The right to testify or not to testify at trial, whichever the defendant chooses;

G.      If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.      The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.      The right to compel the attendance of witnesses at trial.

5

### 6. Collateral Consequences of Conviction

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields.

The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

6

### 7. Defendant's Guideline Range

#### A.     Court's Determination

The Court will determine the defendant's guideline range at

sentencing.

#### B.     Acceptance of Responsibility

The government recommends under Federal Rule of Criminal

Procedure 11(c)(1)(B) that the defendant receive a two-level reduction

for acceptance of responsibility under USSG § 3E1.1(a).   Further, if the

defendant's offense level is 16 or greater and the defendant is awarded

the two-level reduction under USSG § 3E1.1(a), the government

recommends that the defendant receive an additional one-level

reduction for acceptance of responsibility under USSG § 3E1.1(b). If,

however, the government learns that the defendant has engaged in any

conduct inconsistent with acceptance of responsibility—including, but

not limited to, making any false statement to, or withholding

information from, his probation officer; obstructing justice in any way;

denying his guilt on the offense(s) to which he is pleading guilty;

committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.   Other Guideline Recommendations

The parties recommend under Federal Rule of Criminal Procedure 11(c)(l)(B) that the following guideline provisions apply to the defendant's guideline calculation on Count One: Section 2T1.1 (a)(l): Base offense level from tax table of 18 (More than $250,000 but less than $550,000 of tax loss)

The parties agree that the defendant satisfies the criteria enumerated in USSG § 4C1.1 and qualifies as a zero-point offender with corresponding two-level reduction in his offense level as provided for in USSG § 4C1.1.

8

### D.    Factual Stipulations for Sentencing Purposes

The parties agree that, including all relevant conduct under USSG § 1B1.3, the amount of tax loss for sentencing purposes is $354,634.

### E.    Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 7.B, 7.C, or 7.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F.    Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 7.B, 7.C, or 7.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

9

8. **Imposition of Sentence**

   A.   **Court's Obligation**

   The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

   B.   **Imprisonment**

      1.   **Recommendation**

      Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the low end of the defendant's guideline range as determined by the Court.

      2.   **No Right to Withdraw**

      The government's recommendation in paragraph 8.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the

Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.    Supervised Release

### 1.    Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties agree to and recommend that the Court impose a one-year term of supervised release.   The parties further agree to and recommend the following special condition of supervised release: the defendant fully cooperate with the IRS, including timely providing any and all documents and records requested, in an audit and review of the defendant's personal federal income tax returns, and those of his businesses for the calendar years 2012 through and including 2016.

### 2.    No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 8.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D.    Fines

There is no recommendation or agreement as to a fine.

### E.    Restitution

The defendant agrees, pursuant to 18 U.S.C. § 3663(a)(3), to pay restitution to the IRS.   Defendant agrees that the total amount of restitution reflected in this agreement results from the defendant's fraudulent conduct. The total amount of restitution consists of the following:

Tax Year                              Tax

| | |
|---|---|
| 2012 | $122,219 |
| 2013 | $13,339 |
| 2014 | $70,167 |
| 2015 | $148,189 |
| 2016 | $720 |

Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4).   Defendant does not have the right to challenge the amount of this restitution-based assessment.   See 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment. Defendant is entitled to receive credit for restitution paid pursuant to

13

this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. Defendant understands and agrees that the plea agreement does not resolve the defendant's civil tax liabilities, that the IRS may seek additional taxes, interest, and penalties from defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise defendant's obligation to pay any remaining civil tax liability. Defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

Defendant understands that he is not entitled to credit with the IRS for any payment until the payment is received by the IRS. If full payment cannot be made immediately, defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. Defendant also agrees to provide the above-described information to the probation office. If defendant makes a payment of the restitution agreed to above prior to sentencing, defendant agrees that he will sign

IRS Form 870, Form 2504, or other appropriate form enabling the IRS to make an immediate assessment of the liability underlying the restitution agreed to above. Defendant agrees that he will not claim a refund of the payment or otherwise challenge the existence or amount of the tax liability underlying the restitution agreed to above.   If the amount of restitution identified above has not already been reduced to account for any such payments, the government agrees that the amount of the restitution to be ordered by the Court shall be reduced by a payment made in conformity with this provision.

Defendant agrees to send all payments made pursuant to the Court's restitution order to the Clerk of the Court at the following address:

United States District Court for the Eastern District of Michigan
Clerk's Office
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd, Room 599
Detroit, MI 48226

With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, defendant will provide the following information:

A.    Defendant's name and Social Security Number;

B.    The District Court and the docket number assigned to this case;

C.    Tax years for which restitution has been ordered; and

15

      D.    A statement that the payment is being submitted pursuant to the District Court's restitution order.

Defendant agrees to include a request that the Clerk of the Court send the information, along with defendant's payments, to the IRS address below:

> IRS-RACS
> Attn:  Mail Stop 6261, Restitution
> 333 W. Pershing Ave.
> Kansas City, MO 64108

Defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at the following address:

> IRS-RACS
> Attn:  Mail Stop 6261, Restitution
> 333 W. Pershing Ave.
Kansas City, MO 64108

## F.  Forfeiture

The parties agree that forfeiture of assets is not applicable in this case.

## G.  Special Assessment

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

**9. Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the bottom of the guideline range determined by the Court, the defendant also waives any right he may have to appeal his sentence on any grounds.

**10.     Collateral Review Waiver**

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or

17

prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

### 11.    Consequences of Withdrawal of Guilty Plea or Vacation of Judgment

If the defendant is allowed to withdraw his guilty plea, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

### 12.    Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal

18

Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

### 13.    Parties to Plea Agreement

This agreement does not bind any government agency except the Department of Justice, Tax Division and United States Attorney's Office for the Eastern District of Michigan.

### 14.    Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement.

If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

### 15.    Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, at the Tax Division by 4:00 p.m. on April 28, 2025. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Karen E. Kelly
Acting Deputy Assistant Attorney General
Department of Justice, Tax Division


Jeffrey A. McLellan
Richard J. Kelley
Trial Attorneys
U.S. Department of Justice, Tax Division
P.O. Box 972
Washington, DC 20044

Dated: 5-20-25

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.


_____          _____
Edward A. Bajoka                          Asim Ghafoor
Attorney for Defendant                    Defendant

Dated: 4/24/2025

21